[S. F. No. 272.   In Bank.—November 19, 1895.]

## J. J. TRUMAN et al., *v.* BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO.

Municipal Corporations—Taxation—Power of Supervisors—Veto of Mayor.—Under the present statutory law, the board of supervisors of the city and county of San Francisco have the power to fix the rate of taxation, and the mayor has no veto of their action in that matter.

Petition in the Supreme Court for a writ of mandate to the board of supervisors of the City and County of San Francisco.

The petition was filed to enforce a veto by the mayor of a rate of taxation fixed by the board of supervisors, and to compel them to act a second time in fixing the rate of taxation in subordination to the veto of the mayor.

*McKinstry & McKinstry,* and *Charles Wesley Reed,* for Petitioners.

The mayor or president of the board of supervisors of San Francisco is still vested with the power to veto every order of the board levying or laying a tax for city purposes, as he had that power before the passage of the act of March 28, 1895, and that act does not, by its terms, deprive him of the veto power. If it attempts to do so it is unconstitutional, being special in its nature. (*People* v. *McCreery,* 34 Cal. 432; *Savings & Loan Society* v. *Austin,* 46 Cal. 416; *People* v. *Reis,* 76 Cal. 269, 276; *Desmond* v. *Dunn,* 55 Cal. 251; *Darcy* v. *San Jose,* 104 Cal. 642; *Bruch* v. *Colombet,* 104 Cal. 351; *Thomason* v. *Ashworth,* 73 Cal. 79.)

*Harry T. Creswell, City and County Attorney,* for Defendants.

The Political Code furnishes a uniform and complete revenue system, which applies to the city and county of San Francisco, and nowhere gives a mayor of a city and county the right officially to approve or disapprove a tax levy, and no such right exists. (Pol. Code, tit. 9, pt. 3; *Savings & Loan Society* v. *Austin,* 46 Cal. 482; *People* v. *Clunie,* 70 Cal. 506; *People* v. *Reis,* 76 Cal. 276; *Thomason* v. *Ashworth,* 73 Cal. 73.)

THE COURT.—Petition for writ of mandate. Assuming, but not deciding, that this court could control legislative action of the board of supervisors, as prayed for in this proceeding, the writ must be denied, because under present statutory law the board of supervisors of the city and county of San Francisco have the power to fix the rate of taxation, and the mayor has no veto of their action in that matter. If other duties of the court permit, reasons for this conclusion will be more fully given in an opinion to be hereafter prepared.

The writ is denied and the proceeding dismissed.

McFARLAND, J.,   GAROUTTE, J.,
HARRISON, J.,   VAN FLEET, J.,
HENSHAW, J.,   BEATTY, C. J.